IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| NOAH VASQUEZ, § § § **Plaintiff,** § § v. § § COMMISSIONER OF THE SOCIAL § SECURITY ADMINISTRATION, § § **Defendant.** § | CIVIL ACTION NO. 6:25-CV-00038-JDL |

### MEMORANDUM OPINION AND ORDER

On February 3, 2025, Plaintiff Noah Vasquez filed this civil action pursuant to 42 U.S.C. §§ 405(g), 1383(c) for judicial review of the Commissioner's final decision denying Plaintiff's application for disability benefits. (Doc. No. 1.) This case was assigned to the undersigned for proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and the consent of the parties. (Doc. No. 10.) For the reasons stated below, the court affirms the decision of the Commissioner.

### BACKGROUND

On January 25, 2022, Plaintiff filed both a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income for an alleged disability that began January 22, 2021. (Transcript ("Tr.") at 14.) The claims were initially denied on August 23, 2022 (*id.*), and again upon reconsideration on September 25, 2023 (*id.*). Plaintiff filed a written request for a hearing, and a hearing was held before Administrative Law Judge ("ALJ") Thomas Wheeler on February 27, 2024. *Id.* at 39. The ALJ issued a decision finding that Plaintiff was not disabled under the Social Security Act ("Act") on May 20, 2024. *Id.* at 29.

1

Plaintiff appealed, and the Appeals Council denied Plaintiff's request for Review on December 5, 2024. *Id.* at 1. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Plaintiff timely filed this action on February 3, 2025. (Doc. No. 1).

## LEGAL STANDARD

Title II of the Act provides for federal disability insurance benefits while Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of disability benefits under 42 U.S.C. § 405(g) is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the court "may not reweigh the evidence in the record, nor try the issues de novo," and is not allowed to substitute its judgment for the Commissioner's. *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d at 360 (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the Commissioner's decision is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the court must do more than "rubber stamp" the ALJ's decision; the court must "scrutinize the record" and consider "whatever fairly detracts from the substantiality of evidence" reinforcing the Commissioner's determination. *Cook*, 750 F.2d at 393.

A claimant bears the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423 (d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner utilizes a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see also Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). At step one, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity. At step two, the Commissioner determines whether one or more of

3

the claimant's impairments are severe. At step three, the Commissioner determines whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. At this step, the Commissioner must also determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Then, at step four, the Commissioner determines whether the claimant is capable of performing his past relevant work. Finally, at step five, the Commissioner determines whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)(f), 404.1520(b)(1)(f).

An affirmative answer at step one or a negative answer at steps two, four, or five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at step three, or an affirmative answer at steps four and five creates a presumption of disability. *Id.* The burden of proof is on the claimant for the first four steps but shifts to the Commissioner at step five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in his May 20, 2024, decision:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2024.

2. The claimant has not engaged in substantial gainful activity since January 22, 2021, the alleged onset date. (20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease of cervical and lumbar spine with radiculopathy; left shoulder impingement syndrome; right elbow lateral epicondylitis, depression, adjustment disorder, somatic disorder. (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8-hour workday; stand and/or walk 3 hours in an 8 hour workday; frequent balancing; occasional climbing ramps/stairs, stooping, kneeling, crouching, and crawling, but no climbing ladders, ropes or scaffolds; occasional reaching overhead bilaterally, frequent reaching in all other directions bilaterally, frequent handling and fingering bilaterally. He should avoid vibration. He can understand, remember, and carry out detailed but not complex instructions in a work environment free of fast paced production requirements such as an assembly line; can use judgment to make work related decisions; can interact adequately with co-workers, supervisors, and the general public, and is able to respond appropriately to changes in a routine work setting.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on July 27, 1984, and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 22, 2021, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. at 16–28.) The ALJ determined that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id.* at 29.

## ANALYSIS

Plaintiff argues that this action should be remanded because the ALJ's RFC determination is not supported by substantial evidence. (Doc. No. 13, at 12.) Specifically, Plaintiff maintains that the ALJ failed to adequately evaluate the "persuasive" joint opinion given by the consultative examiners because the ALJ did not explain the conflict between the RFC and the joint opinion regarding Plaintiff's mental limitations. *Id.* Plaintiff argues that, had the ALJ credited Plaintiff's limitations from the joint opinion regarding Plaintiff's difficulty in sustaining attention and being persistent in carrying out tasks, Plaintiff likely would have been found to be disabled. *Id.* The Commissioner responds that the medical evidence, treatment notes, and examination and observation findings support the ALJ's determination that Plaintiff does not have a disabling mental functional limitation. (Doc. No. 16, at 5–6.) Further, the Commissioner responds that substantial evidence supports the ALJ's RFC because the RFC does not conflict with the joint opinion on Plaintiff's mental limitations. *Id.* at 6–8.

### I. The ALJ's RFC Finding

The RFC is an assessment made by the Commissioner, based on all the relevant evidence, of a claimant's ability to do work on a sustained basis in an ordinary work setting despite his physical or mental impairments. 20 C.F.R. § 416.945(a); *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). When evaluating a claimant's physical abilities, the Commissioner first assesses the nature and extent of physical limitations and then determines the RFC for work activity on a regular and continuing basis. 20 C.F.R. § 404.1545. The ALJ makes separate function-by-function findings of the seven exertional strength demands (sitting, standing, walking, lifting, carrying, pushing, and

6

pulling), and other non-exertional physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching). SSR 96-8; 20 C.F.R. § 404.1545(b). Only after the function-by-function analysis may the RFC be expressed in terms of the exertional levels of work (sedentary, light, medium, heavy, and very heavy). SSR 96-8.

As the fact finder, the ALJ has the responsibility to weigh the evidence and choose whichever medical opinion is most supported by the record. *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The ALJ has discretion in this task. *Newton*, 209 F.3d at 455–56. Indeed, unlike judicial courts, "Social Security proceedings are inquisitorial rather than adversarial." *Sims*, 530 U.S. at 110–11. Accordingly, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 111 (citing *Richardson*, 402 U.S. at 400–01).

Plaintiff argues that the ALJ erred by failing to explain a conflict between the RFC and the persuasive joint opinion of M.S. Hagan and Dr. Ridenour, psychological consultative examiners. (Doc. No. 13, at 9.) Specifically, Plaintiff argues that the RFC conflicts with the joint opinion because the RFC only limits Plaintiff in fast paced work environments and does not make any allowances for the unscheduled breaks or off-task behavior associated with Plaintiff's mental limitations in sustaining attention and working persistently. *Id.* at 11. Plaintiff further argues that, had the RFC accounted for these mental limitations, Plaintiff likely would have been found to be disabled. *Id.* at 12. The Commissioner responds that the RFC does not conflict with the joint opinion because the RFC accounts for Plaintiff's mental limitations "by limiting him to work involving detailed but not complex instructions without fast paced requirements" because such work "allows for some lapses in attention and persistence throughout the workday." Doc. No. 16, at 7.

Here, the ALJ specifically considered the consultative psychological evaluation performed by Amy Hagan, M.S., and Jonathan Ridenour, Psy.D., and found this opinion to be persuasive. Tr. at 23, 25–26. The ALJ relied on the joint opinion of M.S. Hagan and Dr. Ridenour that indicated Plaintiff "should be capable of carrying out both simple and complex instructions" and may have "some difficulty sustaining attention and being persistent in work-related activities," and that it is unlikely that Plaintiff would have difficulties interacting with coworkers and employers. Tr. at 23, 1640. Plaintiff insists that a consistent application of the persuasive medical opinions would have required a limitation including unscheduled breaks throughout the workday to accommodate Plaintiff's capacity for sustaining attention. However, nothing in the joint opinion of M.S. Hagan and Dr. Ridenour suggests a necessary limitation of unscheduled breaks for off-task behavior. Rather, the joint opinion on functional capacity is summed up as follows:

> Mr. Vasquez should be capable of understanding and carrying out both simple and complex instructions. He may have some difficulty sustaining attention and being persistent in work-related activities. It is unlikely that he would have any difficulty interacting with coworkers and employers.

Tr. at 1640.

The ALJ's RFC limitation that Plaintiff can "carry out detailed but not complex instructions in a work environment free of fast paced production requirements" is consistent with the joint opinion of M.S. Hagan and Dr. Ridenour, which provides that Plaintiff can carry out complex instructions and may experience some difficulty in sustaining attention and being persistent. Tr. at 19, 1640. Plaintiff's argument is essentially a disagreement with how the ALJ applied the joint opinion of M.S. Hagan and Dr. Ridenour when determining Plaintiff's mental limitations in the RFC and a request for this court to reach a different conclusion. But the court cannot reweigh the evidence, try the issue de novo, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Williams v. Astrue*, No. 4:11-cv-483, 2013 WL 1282517, at *4 (E.D.

Tex. Mar. 27, 2013) (citing *Newton v. Apfel*, 209 F.3d 488, 452 (5th Cir. 2000)). Moreover, the court finds no basis for remand for further consideration whether the medical opinions and RFC are not in conflict.

Given the ALJ's review of the medical record, including the joint opinion of M.S. Hagan and Dr. Ridenour, the court cannot conclude that the RFC conflicts with the joint opinion as Plaintiff suggests. For the reasons discussed herein, the court finds that the ALJ's RFC is supported by substantial evidence.

## CONCLUSION

For all the foregoing reasons, pursuant to 42 U.S.C. § 405(g), the final decision of the Commissioner is **AFFIRMED** and this action is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 28th day of July, 2025.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE